1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEE' THIEL PAYNE,

11              Petitioner,                No. 2:12-cv-2086 WBS EFB P

12        vs.

13   FOLSOM STATE PRISON,
                                           ORDER AND
14              Respondent.                FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  Petitioner seeks leave to proceed *in forma pauperis*.  He makes

18   the required showing.  Therefore, the request is granted.  *See* 28 U.S.C. § 1915(a).

19        Currently pending before the court is petitioner's application for a writ of habeas corpus.

20   For the reasons explained below, the court finds that it must be dismissed without leave to

21   amend.  *See* Rule 4, Rules Governing § 2254 Cases.

22        A district court must entertain a habeas petition "in behalf of a person in custody

23   pursuant to the judgment of a State court only on the ground that he is in custody in violation of

24   the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge

25   entertaining a habeas petition "shall forthwith award the writ or issue an order directing the

26   respondent to show cause why the writ should not be granted, unless it appears from the

1

1    application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The

2    petition must be dismissed if on initial review the court finds that "it plainly appears from the

3    petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

4    Rule 4, Rules Governing § 2254 Cases.  An application for federal habeas relief must specify all

5    grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2,

6    Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally

7    construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d

8    964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not

9    supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v.*

10   *Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

11          In this case, the court lacks habeas jurisdiction because petitioner only challenges a

12   condition of his confinement.  Specifically, petitioner contends that prison officials have

13   impermissibly placed holds on his trust account for several years, which has prevented him from

14   making purchases at the prison canteen.  Dckt. No. 1 at 3-4.  Even if petitioner were to succeed

15   on this claim, such a result would not shorten his sentence.  Accordingly, this court lacks habeas

16   jurisdiction over the claim raised in the petition.  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir.

17   2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition

18   will not necessarily shorten the prisoner's sentence.").  As it is clear that petitioner cannot allege

19   that the challenged condition of confinement affects the duration of his imprisonment, the

20   petition will be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th

21   Cir. 2000) (stating that an indigent prisoner proceeding without counsel must be given leave to

22   file amended complaint unless the court can rule out any possibility that the plaintiff could state

23   a claim).  This order is without prejudice to petitioner filing a civil rights action challenging the

24   alleged holds placed on his prison trust account.

25   ////

26   ////

2

1      Accordingly, it is ORDERED that petitioner's request for leave to proceed *in forma*

2 *pauperis* is granted.

3      Further, it is RECOMMENDED that the petition be dismissed without leave to amend,

4 and the Clerk be directed to close the case.

5      These findings and recommendations are submitted to the United States District Judge

6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7 after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12 In his objections petitioner may address whether a certificate of appealability should issue in the

13 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

14 Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

15 enters a final order adverse to the applicant).

16 Dated:  December 20, 2012.

17

18         EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26